**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0835n.06

**No. 08-3141**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 29, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| CHARLES A. DOSHAK, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, GILMAN, and KETHLEDGE, Circuit Judges.

**PER CURIAM.** Charles A. Doshak appeals his conviction for failing to register pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. He argues that SORNA's provisions do not apply to him. He also claims that SORNA violates the Ex Post Facto Clause, the Due Process Clause, and the Spending Clause, and is an impermissible delegation of authority to the Attorney General. Finally, he argues that the Attorney General's interim rule on retroactivity violates the Administrative Procedures Act and principles of federalism.

Because SORNA does not apply to Doshak, we **VACATE** and **REMAND**. Consequently, we need not address Doshak's other arguments.

**I. Factual Background**

In 1993, Doshak was convicted of one count of corruption of a minor, pursuant to Ohio Revised Code § 2907.04, a third-degree felony. Several years later, in 1997, Ohio's sexual

classification and registration statute went into effect. Although Doshak was given notice of his duty to register under this law, he failed to do so. Consequently, he was convicted by an Ohio court in 2002 for failure to register.

On July 27, 2006, SORNA became effective. In October of that same year, Doshak finally signed a registration form indicating that his residence was in Akron, Ohio. The following month, he left the state to live with his girlfriend in Arizona. He did not inform Ohio officials of his move or register as a sex offender in Arizona.

On February 28, 2007, the United States Attorney General promulgated an emergency regulation that purportedly applied SORNA's registration requirements to persons convicted before July 27, 2006. *See* 28 C.F.R. § 72.3. The regulation sought to make SORNA's registration requirements immediately effective against persons who, like Doshak, were convicted of sex crimes prior to SORNA's effective date.

On March 20, 2007, Doshak was arrested in Arizona and subsequently indicted by a federal grand jury. Specifically, the indictment alleged that he violated 18 U.S.C. § 2250 by, "on or about October 26, 2006, through on or about March 20, 2007," traveling in interstate commerce and knowingly failing to register and update his registration. After the district court denied his motion to dismiss, he entered a conditional plea agreement, expressly reserving his right to appeal the order. He was sentenced to twenty-seven months' imprisonment and five years' supervised release.

## II. SORNA's Applicability to Doshak

SORNA made it a federal crime for a convicted sex offender *required to register* under the Act to travel in interstate commerce and "knowingly fail[] to register or update [his] registration."

18 U.S.C. § 2250(a). A different section of SORNA sets forth the registration requirements and includes procedures for both initial registration and "keeping the registration current," among other obligations. 42 U.S.C. § 16913. To support a § 2250 conviction, the Government must prove (1) the defendant is a person required to register under SORNA, (2) he is a sex offender, as defined by SORNA, and (3) that he knowingly failed to register or update his registration pursuant to SORNA. 18 U.S.C. § 2250(a).

Recently, we decided that SORNA was not effective against persons "convicted of a sexual offense before July 27, 2006 . . . until the Attorney General validly so specified pursuant to SORNA." *United States v. Cain*, 583 F.3d 408, 410 (6th Cir. 2009). At issue in the instant case—and the issue in *Cain*—is the applicability of 42 U.S.C. § 16913(d), which makes it a crime for sex offenders to fail to register pursuant to SORNA, to those convicted prior to SORNA's enactment. In *Cain* we held that the plain language of subsection (d) required the Attorney General to specify the Act's applicability to pre-SORNA defendants. *Cain*, 583 F.3d at 419 ("SORNA unambiguously delegated to the Attorney General the authority to determine whether SORNA applies to [offenders whose convictions pre-date SORNA]."). Under *Cain*, SORNA does not apply to Doshak unless the Attorney General promulgated a valid regulation that subjected Doshak to SORNA's registration requirements during the period covered by his indictment.

Thus, the only issue before this court is whether Doshak was subject to SORNA's requirements during the period covered by his indictment. His indictment charged failure to register from October 26, 2006, through March 20, 2007. In *Cain*, we held that the Attorney General's regulation was not effective against Cain, because his indictment covered a period ending on March

28, 2007, "less than thirty days after promulgation of the regulation, and a month before the close of the comment period." *Cain*, 583 F.3d at 420. Similarly, Doshak's indictment covered a period ending March 20, 2007. Thus, Doshak was not subject to SORNA's criminal sanctions during the period alleged in the indictment. His conviction, therefore, must be vacated.[1]

VACATED and REMANDED.

---

[1] We express no opinion on whether a conviction based on failure to register after the close of the comment period would be invalid, as the issue is not before us.